BUDDY T. HAYNES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Haynes v. Commissioner
Docket No. 1086-74.
United States Tax Court
T.C. Memo 1976-22; 1976 Tax Ct. Memo LEXIS 384; 35 T.C.M. (CCH) 80; T.C.M. (RIA) 760022; January 27, 1976, Filed Buddy T. Haynes, pro se. Thomas N. Tomashek, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a Federal income tax deficiency of $2,130.42 and a section 6651(a) [1] addition to tax of $80.57 for petitioner's taxable year ended December 31, 1972. The sole issue for decision is whether petitioner is entitled to deduct $8,656 [2] in 1972 as either a business bad debt or a net operating loss. FINDINGS OF FACT Petitioner, Buddy T. Haynes, resided in Renton, Washington when he filed his petition. Petitioner intended to go into the restaurant business with Joyce E. West, Judy Ruddach, and Ben Geddings. On March 23, 1972, petitioner and Joyce E. West or a corporation to be formed (purchasers) entered into an "Earnest Money Receipt and *386 Agreement" with Errol D. Beach (seller) to but a restaurant. The total purchase price was $57,000, with a cash down payment of $16,530 (including $5,000 earnest money) and the assumption of liabilities of the seller of $35,000. Petitioner paid the entire down payment because none of the other three individuals had any capital. On March 27, 1972, petitioner and Joyce E. West filed articles of incorporation for The Lobster Pot, Inc., with the State of Washington. The three corporate directors named in the articles were petitioner, Joyce E. West and Judy Ruddach. Ben Geddings apparently never participated in the enterprise. On April 28, 1972, the purchase of the restaurant was closed. The purchaser was The Lobster Pot, Inc. The Lobster Pot, Inc. adopted by-laws, issued stock (250 shares to petitioner and 250 shares to Joyce E. West), was issued a liquor license by the State of Washington, maintained checking accounts, and filed Forms 941 (Employer's Quarterly Federal Tax Returns). The restaurant was open and operating from April to November, 1972, and April to November, 1973. Within the first three weeks of operation the manager quit for health reasons and Joyce E. West and Judy *387 Ruddach abandoned the restaurant operation, [3] leaving petitioner and an inexperienced restaurant operator to conduct the business. By this time all the original capital had been spent. Petitioner, who alone was personally liable on the purchase price of the business, carried on the business and supplied it with capital. Petitioner continued to operate the business in corporate form because he was not able "to take the [original] manager's name off the rolls without a very complicated procedure in Olympia" and because the liquor license was in the corporation's name. Petitioner closed the restaurant in the winter of 1972-1973 when business was bad. He had a potential buyer for the business prior to closing in November 1972, but the sale never materialized. He did succeed in selling the business in December 1973 to Richard G. Wagner, Inc. for $32,500. Petitioner as president of The Lobster Pot, Inc., accepted the buyer's offer on behalf of the corporation and authorized disbursement of the sales proceeds to a creditor of the corporation and the Small Business Administration. *388 During 1972, the year in issue, petitioner was a full time employee of American Campgrounds, Inc. which paid him a salary of $26,520. Petitioner never received any salary from The Lobster Pot, Inc. Petitioner did not include a Schedule C, reflecting income and expenses relating to a trade or business operated as a sole proprietorship, in his 1972 return. He claimed a miscellaneous itemized deduction on his 1972 return of $8,656, identifying the claimed deduction as "Write off worthless note to Lobster Pot, Inc." That deduction comprised the following payments made by petitioner on behalf of The Lobster Pot, Inc.: [4] Amount
Date
Description
$ 100.00
March 27, 1972
Payment to Secretary of State
as incorporation fee.
35.00
March 28, 1972
Payment to State of Washington
for liquor license.
1,030.00
April 3, 1972
Payment to Herbert Droker as
closing costs in purchase of
restaurant.
1.00
April 10, 1972
Payment to King County for
business license.
2.00
April 10, 1972
Payment to State of Washington
for business license.
200.00
April 26, 1972
Payment to purchase liquor for
restaurant.
5,000.00
April 28, 1972
Down payment to Errol Beach to
close purchase of restaurant.
1,388.33
April 28, 1972
Payment to Errol Beach for
restaurant inventory.
600.00
April 28, 1972
Payment to furnish cash for
the restaurant cash registers.
300.00
April 28, 1972
Payment of additional cash for
restaurant cash registers.
*389 Corporate formalities were observed in forming and operating the corporation. The liquor license was issued to the corporation. Petitioner, as president of the corporation, had general charge of business operations on behalf of the corporation. Petitioner did not file a Schedule C with his 1972 return, claiming the business was a sole proprietorship. Instead he deducted his loss in connection with the restaurant business as the write-off of a "worthless note to Lobster Pot, Inc." We have found as a fact that the restaurant business was owned and operated by The Lobster Pot, Inc., and not as petitioner's sole proprietorship. Therefore, petitioner is not entitled to a net operating loss deduction for losses incurred by the business in 1972. , affd. percuriam. We have also concluded that petitioner's loans to The Lobster Pot, Inc., which became worthless during 1972 were nonbusiness bad debts. Respondent does not contest that the losses in fact became worthless during 1972. He claims only that the debts were not *390 business bad debts. Section 166(a)(1) allows a deduction for any debt which becomes worthless within the taxable year. In the case of a taxpayer other than a corporation, nonbusiness bad debts are treated as short-term capital losses, and only business bad debts are deductible in full. Section 166(d)(1). Section 166(d)(2) defines a nonbusiness bad debt as a debt other than a debt created or acquired in connection with a trade or business of the taxpayer, or a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. Petitioner has failed to carry his burden of proof that the debts in issue are business rather than nonbusiness bad debts. There is no evidence in the record to indicate that petitioner was in the business of promoting corporations for a fee or with a view to their resale in the ordinary course of business. See , vacating and remanding , which affd. a Memorandum Opinion of this Court. Nor were petitioner's advances to The Lobster Pot, Inc. sufficient in scope to characterize his activities as the trade or business of lending *391 money. , affd. . Petitioner was in the trade or business of being an employee of The Lobster Pot, Inc., but the record does not suggest he made advances to protect his source of livelihood from this business. In fact, during 1972 he worked full time for the American Campgrounds, Inc. and received a $26,520 salary from that employer. On the other hand, he never received any salary from The Lobster Pot, Inc., nor was he in danger of being discharged from his job with The Lobster Pot, Inc. By the end of 1972 he owned all the outstanding shares of the corporation and had complete control over personnel matters. Advances to The Lobster Pot, Inc. were not made to protect his job or salary with that corporation, but instead were made to protect his investment. . The record is devoid of any evidence that might allow an inference that petitioner's advances were proximately related to any trade or business of petitioner. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. Petitioner does not contest the addition to tax imposed under section 6651(a). ↩
2. Respondent in his statutory notice determined that petitioner was entitled to deduct $1,000 of the claimed amount as a nonbusiness bad debt.↩
3. On November 22, 1972, Joyce E. West transferred her 250 shares in the corporation to petitioner.↩
4. Petitioner rounded off fractions of a dollar on his return.↩